# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JAMES MORGAN, | ) |
| Movant, | ) |
| | ) No. 2:20-cv-02734-TLP-tmp |
| v. | ) No. 2:18-cr-20413-TLP-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ORDER DENYING AND DISMISSING MOTION UNDER 28 U.S.C. § 2255, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Pro se Movant James Morgan, an inmate incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi, moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF Nos. 1, 12.) Movant originally alleged a series of ineffective assistance of counsel claims, that this Court misapplied the United States Sentencing Guidelines, and that his sentence violated the double jeopardy clause of the Fifth Amendment. (ECF No. 1-1.) He later amended his motion restating some of his earlier claims and adding others, like his claim that 18 U.S.C. § 924(c) is unconstitutionally vague. (*See* ECF No. 12.) The Government responded. (ECF Nos. 9, 18, 24.)[1]

---

[1] Movant asked for extra time to reply to the Government's Answer. (ECF No. 19.) The Court granted his request giving him an extra 30 days to reply. (ECF No. 20.) But Movant failed to reply.

## BACKGROUND

In late 2018, a federal grand jury in the Western District of Tennessee returned a four-count indictment against Movant, alleging two counts of Hobbs Act robbery of cellular telephone stores and using or carrying guns during and in relation to those robberies.  Indictment, *United States v. Morgan*, No. 2:18-cr-20413-TLP (W.D. Tenn. Dec. 13, 2018), ECF No. 1.  Counts 1 and 3 alleged robberies of cellular telephone stores on different dates and Counts 2 and 4 were 924(c) counts alleging the knowing use, carrying, and brandishing of a firearm during those robberies.  (*Id.*)  In April 2019, Movant entered a guilty plea to all counts.  (ECF Nos. 36, 37.)  He chose to plead guilty without a written agreement.  (ECF No. 37.)

Movant now has second thoughts.  The Court will next consider each of his claims.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

And "[a] prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

But a § 2255 motion does not replace a direct appeal.  *See Bousley v. United States*, 523 U.S. 614, 621 (1998).  "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477

n.10 (1976). Instead, "[d]efendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). Yet this rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.

*Id*.

In sum, when a Movant could have raised constitutional claims on direct appeal (but did not), the procedural default doctrine will bar those claims unless the defendant shows cause and prejudice enough to excuse his failure to bring those issues earlier. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 698–99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).

Or a court will review a procedurally defaulted claim if a defendant shows his "actual innocence." *Bousley*, 523 U.S. at 622. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that . . . it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006) (internal quotation marks omitted). And in *Bousley*, the Supreme Court remanded the case to allow the inmate to show actual innocence. 523 U.S. at 623. That said,

> [i]t is important to note in this regard that "actual innocence" means factual innocence, not mere legal insufficiency. In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather, on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during

3

> petitioner's plea colloquy and would not normally have been offered before our decision in *Bailey*.

*Id.* at 623–24 (citation omitted).

The standards from *Strickland v. Washington*, 466 U.S. 668, 687 (1984), control a claim that ineffective assistance of counsel deprived a defendant of his Sixth Amendment right to counsel. To succeed on this claim, a movant must show (1) that counsel's performance was deficient, and (2) "that the deficient performance prejudiced the defense." *Id*. The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a person challenging a conviction "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court considering such a claim must apply a "strong presumption" that counsel's representation was within the "wide range of reasonable professional assistance." *Id.* at 689. Plus, it is the challenger's burden to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

To show prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[2] *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. And "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Instead, counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at

---

[2] If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel performed deficiently. *Strickland*, 466 U.S. at 697.

687; see also *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) (per curiam) (*Strickland* "places the burden on the defendant . . . to show a reasonable probability that the result would have been different.").

The Sixth Amendment right to the effective assistance of counsel extends to the plea-bargaining process and is governed by the two-prong *Strickland* test. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (citing *Missouri v. Frye*, 566 U.S. 133, 140–41 (2012)); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To establish constitutionally ineffective assistance in the plea-bargaining process, the movant must show not only that counsel was deficient, but that the outcome of the plea process would have been different with competent advice. *Id.*

Using these standards, the Court will now address the merits of Petitioner's § 2255 motion. The government correctly argues that Movant's claims fail for many reasons.

## ANALYSIS

### I. Assistance of Counsel – Plea Negotiations

Movant alleges that his attorney, Corliss Shaw, provided ineffective assistance during plea negotiations. (ECF No. 1-1 at PageID 16.) Movant's allegations simply note that negotiating a "plea bargain" is an important role for defense counsel. (*Id.*) Remember that Movant entered a guilty plea without a written plea agreement. As for his claim, he fails to specify where his lawyer's performance was deficient. The Government's response (ECF No. 9) however added confusion to the mix. So the Court ordered the Government to supplement its position. (ECF No. 21.) In its Supplemental Response, the Government attached a second affidavit of Corliss Shaw. (ECF No. 24-1.)

In her first affidavit, Ms. Shaw testified that the Government's plea offer called for Movant to plead guilty to both "924(c) counts in counts 2 and 4 of the indictment." (ECF No. 9-1 at PageID 54.) In the plea agreement offered by the Government, it included an appeal waiver

5

and, according to Ms. Shaw, Movant balked at that idea. (*Id*.) Movant chose instead to plead guilty without a plea agreement because he wanted to maintain his right to appeal. (*Id*.) But then he chose not to appeal.

The Government interpreted Ms. Shaw's affidavit incorrectly at first. (ECF No. 24 at PageID 136.) When Government counsel summarized the plea offer, it assumed the plea offer Ms. Shaw referred to called for Movant to plead guilty to the 924(c) counts and that it would in turn move to dismiss the Hobbs Act Robbery counts (Counts 1 and 3). (ECF No. 9 at PageID 46.) But, according to Movant, he never heard about a plea offer to dismiss any counts. (ECF No. 11.) In fact he attached a copy of what he says is the only plea agreement he ever heard about. (ECF No. 11-1.) That plea agreement calls for Movant to plead guilty to all 4 counts. (*Id*.) Given Movant's response, the Court ordered the Government to supplement the record about whether Ms. Shaw conveyed all of the plea offers to her client. (ECF No. 21.) The Government did just that.

As it turned out, Ms. Shaw clarified that the government never made an offer to dismiss any counts. (ECF No. 24-1 at PageID 139–42.) Instead, the plea agreement Movant attached to his response is the only plea offer the Government expressed. (*Id*.) So it seems the Government made an offer, Ms. Shaw communicated that offer to Movant and Movant turned it down. It is that simple.

The Supreme Court cases about counsel's deficient performance during plea discussions generally fall into one of two categories: (1) counsel failed to communicate a favorable plea offer to the defendant before the time to accept the offer had expired, *see*, *e.g.*, *Frye*, 566 U.S. 133 (2012) (counsel's failure to communicate a formal offer from the prosecution to accept a plea on terms that may favor the accused constitutes deficient performance); or (2) counsel gave

materially inaccurate sentencing information or advice to the defendant who, based on that advice, rejected the offer and proceeded to trial, *see, e.g.*, *Hill*, 474 U.S. 52 (1985) (counsel's failure to accurately inform the defendant of the time he would have to spend in prison before he became eligible for parole constituted deficient performance).

In a guilty plea context, to show prejudice, a movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "This is an objective, not a subjective, test: 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Underwood v. United States*, No. 18-5793, 2018 WL 7140598, at *2 (6th Cir. Nov. 19, 2018) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). A court must be mindful that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691; *see Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). And if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

The decision to plead guilty first, last, and always, rests with the defendant, not his lawyer. Although the attorney may provide an opinion about the strength of the prosecution's case, the likelihood of a successful defense, and the wisdom of a chosen course, the decision on whether to go to trial must be made by the person who will bear the ultimate consequence of a conviction. *Id.* When faced with the only plea offer the Government made, Movant chose to reject it and to enter a guilty plea without a plea agreement. *See* Transcript, *United States v. Morgan*, No. 18-cr-20413 (W.D. Tenn. Nov. 13, 2020), ECF No. 66 at PageID 188.

The Court here confirmed with Movant that he was choosing to plead guilty without a written plea agreement. Transcript, *United States v. Morgan*, No. 18-cr-20413, (W.D. Tenn. Nov. 13, 2020), ECF No. 66 at PageID 188, 194, 202–03, 211. And the Court confirmed that Ms. Shaw conveyed all the Government's plea offers to Movant. (*Id*. at PageID 203.) Movant also confirmed that he wanted to plead guilty without a plea agreement so he could appeal the sentence if he so chose. (*Id*.) He now blames his lawyer for not getting him a better deal. But he fails to specify what his lawyer did or did not do that was ineffective.

During Movant's plea colloquy, Movant told the Court that he was satisfied with his lawyer's representation, especially after he had more time to discuss his options. Transcript, *United States v. Morgan*, No. 18-cr-20413, (W.D. Tenn. Nov. 13, 2020), ECF No. 66 at PageID 193–94. The Court also confirmed that he had enough time to discuss his options with her. (*Id*.) Finally, Movant confirmed that he decided to plead guilty voluntarily—that no one forced or threatened him to do it. Transcript, *United States v. Morgan*, No. 18-cr-20413 (W.D. Tenn. Nov. 13, 2020), ECF No. 66 at PageID 211.

In the end, Movant has shown no failure by his counsel related to plea negotiations. He has not asserted that he would have chosen to go to trial had she done something else. This claim fails. And so the Court **DENIES** this claim.

II.    **Ineffective Assistance of Counsel – Appeal**

In his Amended Motion, Movant seems to assert for the first time that his lawyer provided ineffective assistance of counsel when she failed to appeal. (ECF No. 12 at PageID 97–98.) Under Rule 2 of the Rules Governing Section 2255 Proceedings, Movant must provide the facts supporting each ground. In violation of this rule, Movant makes general conclusory assertions that "counsel refuse(d) to file an appeal." (*Id*.) He provides no other factual support

8

for this claim, such as it is. In fact, nowhere in his Motion does Movant even assert that he asked his lawyer to appeal his sentence. The Court finds that Movant waived this claim by not including any factual support for it. *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation omitted).

Not only did Movant fail to properly support his claim, but he filed it late too. To bring a claim under 28 U.S.C. § 2255, the movant must bring his claim within a year of his conviction becoming final. 28 U.S.C. § 2255(f). He waited over three years to mention anything about his lawyer refusing to appeal. As if that were not enough, this claim also fails on the merits.

His lawyer at sentencing was Jennifer Fitzgerald, and she submitted two affidavits about her representation. (ECF No. 9-2 at PageID 56–58; ECF No. 18-1 at PageID 126–27.) As to her failure to notice an appeal, Ms. Fitzgerald met with Movant right after the sentencing hearing of January 17, 2020, in which the Court varied downward by over three years. (ECF No. 18-1 at PageID 127.) He told her he was "very pleased with the outcome of his case . . . he did not want to appeal." (ECF No. 9-2 at PageID 58.) She said Movant "advised me that he did not want to appeal because he received a lower sentence than his guidelines." (ECF No. 18-1 at PageID 127.) Her affidavit goes on: "[o]n January 23, 2020, I sent Mr. Morgan a letter confirming our discussion in writing that he did not want to appeal. Also, I advised him that if he wanted to appeal, he must file a notice of appeal within 14 days of sentencing. He never responded to my letter . . . ." (*Id.*) The record shows that Ms. Fitzgerald's representation was not ineffective here.

9

And so, Movant waived any claim he had by failing to include factual support; he waited too long to try to bring this claim, and the Court finds that he failed to show that counsel's representation was ineffective under the *Strickland* standard. For those reasons, the Court **DENIES** this claim.

### III.     Ineffective Assistance of Counsel – Failure to Research, Discuss and Investigate

Movant quotes language from *Strickland* about the need for counsel to conduct "reasonable investigations" into factual and legal issues and raise meritorious arguments all the way through sentencing. A generous reading of Movant's documents here suggests that he seeks to claim that his lawyer at sentencing failed to adequately research, discuss and pursue meritorious issues. (ECF No. 1-1 at PageID 16–17.) Assuming that is what he is claiming, he again provides little if any factual support for the claim in violation of Rule 2. This alone would be grounds to deny this claim. But his counsel, Jennifer Fitzgerald, submitted two affidavits that add factual background for this issue. (ECF Nos. 9-2 at PageID 56–59 and 18-1 at PageID 126–27.)

Ms. Fitzgerald describes her representation in detail. (*Id*.) For example, her records show that she met with Movant five times at the facility where he was being housed. (ECF No. 9-2 at PageID 57.) Plus, she met with him in person when the Court held status conferences. (*Id*.) And she had a phone call with him the day before his sentencing hearing. (*Id*.) Remember, the Court appointed Ms. Fitzgerald to represent Movant *after* he entered a guilty plea. Her only role was to represent him at sentencing. Ms. Fitzgerald "did extensive research" and filed a sentencing memorandum on Movant's behalf along with ten letters of support from friends and family. (*Id*.)

10

As she describes, "Mr. Morgan did bring cases to me that he thought were similar to his case. I researched each of those cases and explained why they did not apply to his case. We met several times to discuss his allocution and arguments that would be made at sentencing." After the sentencing hearing, Ms. Fitzgerald met with him again and "he was very pleased with the outcome of his case." (*Id*. at PageID 58.)

The record here has no support for finding that counsel's representation was deficient in any way. Movant's claim is therefore **DENIED**.

### IV. Sentence for 924(c) Counts

The Court is combining Movant's claims that relate to his sentencing on the 924(c) counts. First, he alleged in his original motion that the Court erred in calculating his guidelines because it included two consecutive seven-year sentences for the two 924(c) counts to which he pleaded guilty. (ECF No. 1 at PageID 14–32.) Movant even claims that his sentence for the two 924(c) counts violates the Double Jeopardy clause in the Constitution. (ECF No. 1 at PageID 14–15, 20–21.) In essence, Movant claims that the Court violated the Double Jeopardy clause when it enhanced his sentence under the robbery guidelines for brandishing a firearm during the robbery and then sentenced him to consecutive seven-year terms for the 924(c) counts. (*Id.*) Movant is apparently confused about how the Court calculated his sentence here because he is wrong about the calculation of his sentence. (ECF No. 9-2 at PageID 58; *see also* Presentence Report Revised Final, *United States v. James Morgan*, No. 2:18-cr-20413-TLP-1 (W.D. Tenn. Jan. 13, 2020), ECF No.61 at PageID 106–08.) Next, in his amended motion, he claims that 924(c) is "void for vagueness." (ECF No. 12.) Finally, he claims that the Court violated the First Step Act by "stacking" his sentences for the 924(c) counts. (*Id.*)

### A. Miscalculation of Guidelines – Double Jeopardy

Movant argues that the Court miscalculated his sentence by imposing two consecutive seven-year sentences for his convictions under 18 U.S.C. § 924(c). He also claims that his counsel provided ineffective assistance because she failed to argue that this sentence was improper.

Movant argues the Court miscalculated his guideline range for the robbery convictions (Counts 1 and 3). In short, he claims the Court improperly enhanced his guidelines for brandishing a gun during the robbery (USSG § 2K2.4 and § 2B3.1) and then also imposed the consecutive seven-year sentences for the 924(c) convictions (Counts 2 and 4). Movant is correct that the Court should not both apply the enhancement for brandishing a gun during a robbery (USSG § 2K2.4) when calculating the sentence for the Hobbs Act Robbery conviction *and* impose the consecutive term of imprisonment for the convictions for 924(c). To do so would be double counting. So Movant is wrong to call it a violation of the Double Jeopardy clause. But in the end, Movant's position fails because the Court did not enhance his guidelines in this way.

The Court did not apply the enhancement under § 2K2.4 to Movant's sentence. He is just mistaken about that. The Court applied USSG § 2B3.1(b), an enhancement for physically restraining the victims of the robbery in both robbery counts. Presentence Report Revised Final, *United States v. James Morgan*, No. 2:18-cr-20413-TLP-1 (W.D. Tenn. Jan. 13, 2020), ECF No. 61 at PageID 106–08. This was not double counting. The guideline enhancement 2B3.1(b) applied because he restrained his victims by forcing his victims at gunpoint to lie on the floor facedown and forced others to the rear of the store at gunpoint. Judgment, *United States v. James Morgan*, No. 2:18-cr-20413-TLP-1 (W.D. Tenn. Jan. 17, 2020), ECF No. 64 at PageID 106–08. Had he used a rope to restrain the victims' arms, he likely would have had the same

enhancement. That he used his gun to restrain the victims does not make this calculation an improper double counting.

Remember, the guideline range for the robbery counts was 63–78 months. He was also facing two consecutive sentences of 84 months for his 924(c) convictions. In the end, the Court varied downward and sentenced Movant to serve 24 months on each robbery count to be served concurrently with each other. Judgment, *United States v. James Morgan*, No. 2:18-cr-20413-TLP-1 (W.D. Tenn. Jan. 17, 2020), ECF No. 64 at PageID 146. The Court then sentenced Movant to serve 84 months for both 924(c) counts to be served consecutively to any other sentence. *Id*. His total sentence was 192 months (16 years) rather than the guideline range of 231 to 246 months.

Movant's position is factually incorrect, and the Court did not err in calculating his sentence. And his lawyer was not ineffective on these issues because she did not advise him incorrectly. Because Movant's position here lacks merit, the Court **DENIES** this claim.

   B.   **Void for Vagueness**

Under 18 U.S.C. § 924(c)(1) "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm," shall, along with the punishment imposed for that crime of violence, receive a consecutive sentence. 18 U.S.C. §§ 924(c)(1)(A), (D)(ii). When the firearm is "brandished," the consecutive term of imprison is seven years. 18 U.S.C. § 924(c)(1)(A)(ii). And Section 924(c)(3) defines "crime of violence" as any felony that: (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another ("use-of-force clause"), or (B) that by its nature, involves a substantial risk that physical force

13

against the person or property of another may be used in the course of committing the offense ("residual clause").  18 U.S.C. § 924(c)(3)(A)–(B).

On June 25, 2019, the Supreme Court held that the "residual clause" at 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.  *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).  The Court relied on its holding in *Johnson v. United States*, 576 U.S. 591 (2015), which invalidated the residual clause in the Armed Career Criminal Act ("ACCA"), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which invalidated the residual clause in 18 U.S.C. § 16.  *Davis*, 139 S. Ct. at 2336.  The Sixth Circuit has held that the substantive rule announced in *Davis* applies retroactively to cases on collateral review.  *See In re Franklin*, 950 F.3d 909. 910 (6th Cir. 2020); *see Harris v. United States*, 19 F.4th 863, 868 (6th Cir. 2021).

The Court now looks to whether Hobbs Act robbery, the predicate offenses for Morgan's § 924(c) convictions (Counts 2 and 4), meets the definition for a crime of violence.

Hobbs Act robbery is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury . . . . "  *See* 18 U.S.C. § 1951(b)(1).  As defined, Hobbs Act robbery "clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under § 924(c)(3)(A)."  *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017); *see also United States v. Holmes*, 797 F. App'x 912 (6th Cir. 2019) (reaffirming *Gooch's* holding, that Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause, after the Supreme Court decided *Davis*).

Because Hobbs Act robbery is a crime of violence under § 924(c)(3)(A), the holding in *Davis*, invalidating the residual clause in § 924(c)(3)(B), does not entitle Movant to habeas relief.

*See United States v. Henderson*, 798 F. App'x 468, 469 (11th Cir. 2020) (although *Davis* invalidated the residual clause in § 924(c)(3)(B), the predicate offense of Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A)). Morgan's claim based on the *Johnson*/*Davis* line of cases lacks merit. The Court therefore **DENIES** this claim.

### C.     Improper Stacking of the Sentences for the 924(c) Counts

In his Amended Motion, Movant adds a claim that the Court improperly "stacked" his sentences for 924(c) when it sentenced him to two consecutive terms of 84 months in prison. (ECF No. 12.) He argues that his counsel was ineffective for failing to argue that the Court was improperly stacking these sentences. He bases his claim on the First Step Act. (*Id.*) The Government correctly notes that his claim on this ground is untimely. (ECF No. 18 at PageID 119–20.) But Movant is also wrong on the merits.

Movant's claim here is untimely. To bring a claim under 28 U.S.C. § 2255, the movant must bring his claim within a year of his conviction becoming final. 28 U.S.C. § 2255(f). He waited over three years to bring his "stacking" claim. He might argue that it relates back to his original motion that he filed timely. But that does not work for all claims, only those that "arose out of the conduct, transaction, or occurrence set out . . . in the original (motion under § 2255) pleading." *United States v. Clark*, 637 F. App'x 206, 209 (6th Cir. 2019) (quoting Fed. R. Civ. P. 15(c)(1)(B). This "stacking" claim is new and unrelated to his other claims. But it also fails on the merits.

The Court here did not improperly "stack" the sentences for 924(c) and his counsel was not ineffective for failing to argue this. Movant's claim here is based on a fundamental misunderstanding about what the First Step Act addressed. Before the First Step Act, under 18 U.S.C. § 924(c), a defendant would face 25 years consecutive to all other sentences for a "second

or subsequent (924(c) conviction." The First Step Act amended the language in 924(c) so that the 25-year consecutive sentence applies only when a defendant has a *final* conviction for an earlier 924(c) count. In other words, for someone in Movant's position who pleaded guilty to two 924(c) counts of brandishing a firearm in the same indictment, the First Step Act lowered the sentence he faced on the second 924(c) count from 25 years to seven years. This Court sentenced him accordingly to two consecutive 84-month terms of imprisonment.

As Movant's lawyer stated in her affidavit, she advised Movant about the First Step Act and how it affected his sentencing range. (ECF No. 18-1 at PageID 126–27.) In fact, she points out that Movant benefitted from the First Step Act because he gained 18 years. (*Id.*)

All in all, Movant's claim fails. His claim is not only untimely but it also lacks merit. The Court committed no error in sentencing him on the 924(c) counts here. His lawyer explained how to calculate his sentence. She also explained the effect of the First Step Act to him. Movant's lawyer was conscientious and diligent, a far cry from deficient. Movant has failed to show error on the part of the Court or that his lawyer's work was deficient in any way. Movant has made no showing that comes close to satisfying the test in *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984). The Court therefore **DENIES** this "stacking" claim too.

## APPEAL ISSUES

This Court also **DENIES** a certificate of appealability because Movant fails to make a substantial showing of a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

If Movant applies to appeal in forma pauperis, the Court **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal would not be taken in "good faith," and therefore **DENIES** leave to appeal in forma pauperis. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).[3]

## CONCLUSION

For the reasons above, the Court **DENIES** and **DISMISSES** the § 2255 Motion. The Court **DENIES** a certificate of appealability**, CERTIFIES**, under Rule 24(a), that any appeal would not be taken in good faith, and **DENIES** leave to appeal in forma pauperis.

**SO ORDERED**, this 27th day of October, 2023.

      s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[3] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or move to proceed in forma pauperis and supporting affidavit in the Sixth Circuit within 30 days (*see* Fed. R. App. P. 24(a) (4)–(5)).